**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez**

Civil Action No. 09-cv-02175-WJM-KMT

UNITED STATES OF AMERICA, *ex rel.* DAVID BARBETTA,

      Plaintiff,

v.

DAVITA, INC., and
TOTAL RENAL CARE, INC.,

      Defendants.

───────────────────────────────────────────────────────────

**ORDER APPROVING DISMISSAL OF FEDERAL CLAIM, MAINTAINING
JURISDICTION OF REMAINING ISSUES, AND DIRECTING PARTIES TO FILE
PROPOSED BRIEFING SCHEDULE**

───────────────────────────────────────────────────────────

On October 31, 2014, the United States and the Relator filed a "Joint Stipulation of Voluntary Dismissal of Federal Claims in this Action and Request for the Court to Retain Jurisdiction and Administratively Close the Matter for 60 Days" ("Motion").  (ECF No. 71.)  In the Motion, the United States and Relator state that they have executed a full settlement of all federal claims against Defendants, and such settlement is attached to the filing.  (ECF No. 71-1.)  They represent that such settlement resolves all issues in this case, except: (1) Relator's claim for reasonable attorney's fees and costs pursuant to 31 U.S.C. § 3730(d); (2) the issue of the share percentage of the settlement that Relator should receive; and (3) claims Relator asserted on behalf of several states.  (ECF No. 70 at 1-2.)  The United States and the Relator ask the Court to dismiss the settled claims, but to retain jurisdiction over the remaining issues until settlements on those issues can be finalized or the issues otherwise resolved.  (*Id*. at 2.)

The request for the Court to retain jurisdiction of the claims asserted by the Relator on behalf of several States has been joined by those states in a separate filing. (ECF No. 73.)  That filing indicates that the States need 60 days to get the necessary approvals from state authorities and the Defendants in order to finalize the settlement. (*Id*.)

As Defendants never filed an answer or summary judgment motion with regard to the federal claims, the notice of settlement and intent to dismiss the claims filed by the United States and the Relator is self-executing.  *See* Fed. R. Civ. P. 41(a)(1)(A)(I). As all federal claims have now been dismissed, the Court lacks original jurisdiction over this action, but may elect to retain supplemental jurisdiction over the remaining claims and issues.  *See* 28 U.S.C. § 1367(c).  Given the parties' representations as to the pending settlements with regard to all outstanding issues, the Court finds that the interests of judicial economy and fairness weigh in favor of exercising such supplemental jurisdiction.

The United States and Relator propose that the Court administratively close this action for 60 days to permit the parties time to resolve the remaining issues.  (ECF No. 71 at 2-3.)  Given the representations regarding the time needed to resolve these issues, the Court does not find it necessary, at this point, to administratively close the action.  However, should the process of finalizing settlement documents between the Relator, the various States, and the Defendants become extended, the Court will revisit administrative closure of this case at a later date.

Accordingly, the Court ORDERS as follows:

1.      Per the parties' settlement, all federal claims brought by the United States and Relator against Defendants are DISMISSED WITH PREJUDICE;

2.      The Court EXERCISES supplemental jurisdiction over the following remaining issues:

    a.      Claims brought by Relator on behalf of several states;

    b.      Relator's percentage share of the proceeds of the settlement; and

    c.      Relator's attorneys' fees and costs; and

3.      No later than November 10, 2014, the parties shall file a proposed schedule for handling the remaining issues, including any briefing necessary for the Court to resolve issues 2(b) and 2(c) above.

Dated this 3rd day of November, 2014.

BY THE COURT:

William J. Martínez
United States District Judge